

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EAG | *271 Cadman Plaza East* |
| F. #2018R01021 | *Brooklyn, New York 11201* |

March 19, 2020

<u>By Email and ECF</u>

The Honorable I. Leo Glasser
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Amato, <u>et</u> <u>al.</u>
        <u>Criminal Docket No. 19-442 (S-1)(ILG)</u>

Dear Judge Glasser:

    The government respectfully submits this letter in response to defendant Joseph Amato's emergency motion for release on bail, filed earlier today, in which he requests to be temporarily released from Bureau of Prisons custody during the pendency of the COVID-19 pandemic. For the reasons set forth below, the motion should be denied.

I.  <u>The Defendant Is a Danger to the Community</u>

    As set forth in the government's original detention memorandum, which is incorporated herein by reference, and as the Court found at the detention hearing held on October 17, 2019, the defendant Joseph Amato poses a danger to the community if released. His dangerousness is demonstrated by (i) the charged and uncharged conduct in this case, including Amato's use of violence and his direction and approval of violence and threats of violence against others; (ii) that, as a captain of the Colombo family, he has a network of criminal associates that he can direct to commit crimes on his behalf; and (iii) his criminal history, which includes convictions for (a) being an accessory after the fact to the 1991 murder of Matteo Speranza, an 18 year old, in aid of racketeering, in violation of 18 U.S.C. § 3, and (b) one count of possession of a firearm during and in relation to a crime of violence (a conspiracy to murder members of the Persico faction of the Colombo family in aid of racketeering), in violation of 18 U.S.C. § 924(c)(1).

II.  Release Is Not Warranted Under the "Compelling Reason" Clause

The defendant seeks pretrial release on the grounds that he is within an at-risk category for contracting COVID-19, a respiratory illness that can spread from person to person.  The defendant seeks release under 18 U.S.C. § 3142(i), which provides that a "judicial officer may, by subsequent order, permit the temporary release of [a] person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  Certain extreme medical circumstances may present "compelling reasons" that could warrant a highly circumscribed release.  For example, the Honorable Jack B. Weinstein agreed to the release of Colombo family captain Gregory Scarpa when that defendant was terminally ill with AIDS, was not expected to live until trial, and his medical condition could not be managed appropriately by prison medical facilities.  United States v. Scarpa, 815 F. Supp. 88 (E.D.N.Y. 1993).  Even in those extreme circumstances, release was conditioned on the defendant being confined to a hospital under 24-hour guard of the United States Marshal Service, to be reimbursed by the defendant's family.  Id. at 92.

According to information received from counsel for the Metropolitan Detention Center ("MDC"), the defendant, a 61-year-old man, is currently housed in a two-man cell with access to hot water and soap at all times.[1]  Yesterday, at approximately 6:00 p.m., Amato reported that he was experiencing a wheezing cough and today he was seen by a health services provider.  According to counsel for the MDC, Amato appeared to be in good spirits and voiced no complaints, and the health services provider did not believe that Amato has symptoms consistent with COVID-19.  Moreover, at present, there have been no confirmed cases of COVID-19 in Bureau of Prisons ("BOP") facilities, including the MDC.[2]

The BOP has implemented national measures to mitigate the spread of COVID-19 within prisons.  See Federal Bureau of Prisons COVID-19 Action Plan, available at https://www.bop.gov/resources/news/20200313_covid-19.jsp.  These measures, which have been implemented at the MDC, include the following:

- Suspension of all social and legal visits:  Social visits and legal visits have been suspended for 30 days, with case-by-case accommodations for attorney visits and

---

[1]  The medical information provided by the defendant in connection with his motion reflects a history of asthma.

[2]  One federal detention center in Washington reported that six inmates had what appeared to be flu-like symptoms.  These inmates were isolated and tested.  All six tested negative for COVID-19.  In addition, a staff member in Kentucky was exposed to an individual who had testified positive for COVID-19, and was placed in quarantine for 14 days.  See BOP COVID-19 Status, available at https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_status

legal calls. Inmates will be provided additional inmate telephone minutes each month.

- <u>Inmate movement</u>: All inmate facility transfers have been suspended for 30 days, with exceptions permitted for forensic studies or medical or mental health treatment.

- <u>Screening and testing of inmates</u>: All newly-arriving BOP inmates are screened for COVID-19 exposure risk factors and symptoms. Inmates with exposure risk factors are quarantined. In addition, inmates exhibiting flu-like symptoms are isolated (either to single rooms or with other patients) and tested for COVID-19 in accordance with local health authority protocols.

- <u>Modified Operations</u>: The BOP is implementing modified operations nationally to maximize social distancing and limit group gatherings in BOP facilities, among other modifications specific to each facility.

In addition, counsel at the MDC, after consultation with the relevant staff, has advised the government that inmates incarcerated at MDC, including the defendant, are permitted to take additional steps to self-seclude by remaining in their cells.

The BOP is monitoring the status of the COVID-19 virus and is taking emergency steps to ensure the safety of its staff, inmates and the public. The defendant is not uniquely situated with respect to the risk of infection of COVID-19, and his personal circumstances do not overcome the significant danger he would pose if released.

Accordingly, the defendant has not presented a "compelling reason" for his release under Section 3142(i). Based on this information, and because the defendant poses a serious danger to the community, the permanent order of detention should remain in effect.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/ Elizabeth Geddes
Elizabeth Geddes
Assistant U.S. Attorney
(718) 254-6430

cc: Defense Counsel (by ECF)
Clerk of the Court (ILG) (by ECF)