# EXHIBIT A

KDE:EAG
F. # 2018R01021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOSEPH AMATO,

Defendant.

- - - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

19 CR 442 (S-1) (BMC)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and JOSEPH AMATO (the "defendant") agree to the following:

1. The defendant will plead guilty to Counts One and Five of the above-captioned superseding indictment (the "Indictment"). Count One charges a violation of 18 U.S.C. § 1962(c) and, at his guilty plea, the defendant will admit as racketeering acts his participation in an extortion of John Doe #4 (as alleged in Racketeering Act Four) and an extortion of John Doe #5 (as alleged in Racketeering Act Six). Count Five charges a violation of 18 U.S.C. § 2261A. Count One carries the following statutory penalties:

a. Maximum term of imprisonment: 20 years (18 U.S.C. § 1962).

b. Minimum term of imprisonment: 0 years (18 U.S.C. § 1962).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the

# EXHIBIT A



KDE:EAG
F. # 2018R01021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

\- against -

JOSEPH AMATO,

Defendant.

\- - - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

19 CR 442 (S-1) (BMC)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and JOSEPH AMATO (the "defendant") agree to the following:

1. The defendant will plead guilty to Counts One and Five of the above-captioned superseding indictment (the "Indictment"). Count One charges a violation of 18 U.S.C. § 1962(c) and, at his guilty plea, the defendant will admit as racketeering acts his participation in an extortion of John Doe #4 (as alleged in Racketeering Act Four) and an extortion of John Doe #5 (as alleged in Racketeering Act Six). Count Five charges a violation of 18 U.S.C. § 2261A. Count One carries the following statutory penalties:

a. Maximum term of imprisonment: 20 years (18 U.S.C. § 1962).

b. Minimum term of imprisonment: 0 years (18 U.S.C. § 1962).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the

defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

d. Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

e. Restitution: Mandatory in the full amount of each victim's losses as determined by the Court.
(18 U.S.C. §§ 3663A and 3664)

f. $100 special assessment
(18 U.S.C. § 3013).

g. Other penalties: criminal forfeiture, as set forth below in paragraphs 6 through 12.

Count Five carries the following statutory penalties:

a. Maximum term of imprisonment: 5 years
(18 U.S.C. §§ 2261A(1), 2261(b)(5)).

b. Minimum term of imprisonment: 0 years
(18 U.S.C. §§ 2261A(1), 2261(b)(5)).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

d. Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

e. Restitution: Mandatory in the full amount of the victim's losses as determined by the Court.
(18 U.S.C. §§ 3663A and 3664)

f. $100 special assessment
(18 U.S.C. § 3013).

The sentence imposed on each count may run consecutively.

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 29, which is predicated on the following Guidelines calculation:

*Count One:*

R.A. 4: Extortion – John Doe #4

| | |
|---|---|
| Base Offense Level (§ 2B3.2(a)) | 18 |
| Plus: Offense Involved Threat of Bodily Injury | +2 |
| Total: | 20 |

R.A. 6: Extortion – John Doe #5

| | |
|---|---|
| Base Offense Level (§ 2B3.2(a)) | 18 |

<u>Multiple Racketeering Act Analysis (§ 3D1.4)</u>

| | |
|---|---|
| Highest Adjusted Offense Level | 20 |
| Units: | |
| Racketeering Act 4 (§ 3D1.4(a)) | 1 |
| Racketeering Act 6 (§ 3D1.4(a)) | 1 |
| Racketeering Act 5 (§ 3D1.4(b)) | ½ |
| Racketeering Act 8 (§ 3D1.4(a)) | 1 |
| Racketeering Act 9 (§ 3D1.4(b)) | 1 |
| Racketeering Act 11 (§ 3D1.4(a)) | 1 |
| Total Units: | 5½ |
| Levels Added (§ 3D1.4): | +5 |
| Plus: Defendant Was an Organizer or Leader ((§ 3B1.1(a)) | +4 |
| Adjust Offense Level: | 29 |

*Count Five:*

| | |
|---|---|
| Base Offense Level (§ 2A6.2(a)) | 18 |
| Plus: Offense involved pattern of activity involving stalking, threatening, harassing or assaulting the same victim (§ 2A6.2(b)(2)(e)) | +4 |
| Adjusted Offense Level: | 22 |

*Multiple Count Adjustment (§ 3D1.4)*

| | | |
|---|---|---|
| Highest Adjusted Offense Level | | 29 |
| Units: | | |
| Count One (§ 3D1.4(a)) | 1 | |
| Count Five (§ 3D1.4(b)) | ½ | |

| | | |
|---|---|---|
| | Total Units: | 1½ |
| | Levels Added (§ 3D1.4): | +1 |
| Less: | Global resolution (§5K2.0) | -1[1] |
| Total: | | 29 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 27 and a range of imprisonment of 78 - 97 months, assuming that the defendant falls within Criminal History Category II. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before March 22, 2021, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 26. This level carries a range of imprisonment of 70 - 87 months, assuming that the defendant falls within Criminal History Category II. The defendant reserves the right to challenge (i) the applicability of the four-level enhancement as to Count Five based on the offense underlying Count Five involving a pattern of stalking under U.S.S.G. § 2A6.2(b)(2)(e), and (ii) the applicability of the one-level enhancement based on the multiple count analysis under U.S.S.G. § 3D1.4, but otherwise stipulates to the above Guidelines calculation.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by

---

[1] As set forth in paragraph 14, the one-level reduction for a global resolution is only applicable if the conditions set forth in paragraph 14 are satisfied.

the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant reserves the right to file an appeal on the limited issue of the propriety of the one-level enhancement based on the multiple count analysis under U.S.S.G. § 3D1.4, but otherwise agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 108 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file

any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

a. no further criminal charges will be brought against the defendant for the defendant's role in (i) the extortion of the individual identified in the Indictment as John Doe #4 in or about August 2018 (as charged in Racketeering Act 4), (ii) operation an illegal gambling business involving poker and blackjack games at 472 Wild Avenue in Staten Island, New York, in or about and between October 2018 and September 2019 (as charged in Racketeering Act 5 and Count 10), (iii) the extortion of the individual identified in the Indictment as John Doe #5 in or about and between November 2018 and January 2019 (as charged in Racketeering Act 6 and Counts 11 through 14), (iv) the extortionate extension of credit to the individual identified in the Indictment as John Doe #6 in or about December 2018 (as charged in Racketeering Act 8 and Counts 15 and 16), (v) the extortion of the individuals identified in the Indictment as John Doe #7 and John Doe #8 in or about and between December 2018 and January 2019 (as charged in Racketeering Act 9), (vi) the extortion of the individual identified in the Indictment as John Doe #10 in or about and between January 2019 and March 2019 (as charged in Racketeering Act 11 and Counts 22 and 23), (vii) threatening to commit a crime of violence against the individual identified in the Indictment as John Doe #13 on or about December 7, 2018 (as charged in Count 20), and (viii) stalking of the individual identified in the Indictment as Jane Doe in or about and between 2015 and 2017 (as charged in Counts 5 and 6), it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment and the underlying indictment with prejudice.

and, based upon information now known to the Office, it will

b. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(b).

6. The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 1962(c), as alleged in the Indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of sixty thousand and five hundred dollars and zero cents ($60,790.00) (the "Forfeiture Money Judgment"). The defendant agrees that the amount of the Forfeiture Money Judgment and any payments towards the Forfeiture Money Judgment represents: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or is derived from, any proceeds which the defendant obtained, directly or indirectly, from his racketeering activity, in violation of 18 U.S.C. § 1962; and/or (d) substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. §§ 1963(a) and 1963(m), in any administrative and/or judicial (civil or criminal) proceeding(s) at the Office's exclusive discretion. The defendant consents to the entry of an

Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment.

7. The Forfeiture Money Judgment shall be paid in full 30 days before sentencing (the "Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." The defendant shall cause said payment(s) to be sent by overnight mail delivery to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

8. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), and further agrees that the conditions of 18 U.S.C. § 1963(m)(1)-(5) have been met.

9. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or

contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant represents that he will disclose all of his assets to the United States on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement") on or before thirty (30) days prior to the defendant's sentencing, and will provide a copy to Assistant United States Attorney Elizabeth Geddes. The defendant agrees that a failure to disclose all assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 1963(a) and 1963(m), as: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right

of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; and/or (d) substitute assets.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

14. This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas, pursuant to plea offers, on or before March 22, 2021, and (b) acceptance of those pleas by a United States District Court Judge. The covered defendants are:

i. John Cahill;
ii. Primo Cassarino;
iii. Christopher Coffaro;
iv. John Dunn;
v. Philip Lombardo;
vi. Albert Masterjoseph;
vii. Dominick Ricigliano;
viii. Krenar Suka;
ix. John Tucciarone;
x. Vincent Scura;
xi. Joseph Marra;
xii. Thomas Scorcia;
xiii. Daniel Capaldo;
xiv. Joseph Amato Jr.; and
xv. Anthony Silvestro.

If fewer than all of the covered defendants satisfy conditions 14(a) and 14(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his guilty plea in any of those circumstances.

15. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York

______________, 2021

SETH D. DUCHARME
Acting United States Attorney
Eastern District of New York

By: ______________________________
Elizabeth Geddes
Megan Farrell
James McDonald
Assistant United States Attorneys

Approved by:

______________________________
Keith D. Edelman
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

Joseph Amato by [signature]
JOSEPH AMATO
Defendant

Approved by:

[signature]
Scott Leemon, Esq.
Counsel to Defendant

**Scott Leemon**

---

**From:** AMATO JOSEPH (43535053)

**Sent Date:** Wednesday, March 17, 2021 10:34 AM

**To:** scott@leemonlaw.com

**Subject:** RE: RE: authorization

Scott,
i give you authorization to sign for me, my plea and me pleading in front of the magistrate.
thank you
Joseph Amato!